UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00411-MOC

| | | |
|---|---|---|
| **DAVID ANTONIO MONTERO-GARCIA,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **KATHRYN LEE MCMILLAN MONTERO,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on respondent's Motion for Provisional Remedy and petitioner's response, supporting the relief sought. Specifically, respondent seeks an Order modifying the TRO that would set terms of visitation by respondent. The only modification petitioner seeks is to have such terms made reciprocal. Such relief will be granted.

While granting such interim relief, the court strongly encourages respective counsel to meet with each other and their clients and discuss an amicable resolution of this matter well in advance of the August 21, 2013, briefing deadline. Clearly, the underlying problem appears to be a financial one and while a gross annual income of $24,000.00 would apparently allow the family to live an upper middle class life style in the D.R., such an income level is at or near the poverty level for a family of six in the United States. On the other hand, the respondent admirably wants to home school the parties' four children, which prevents her from taking on gainful employment outside the home. The parties are strongly encouraged to review the reality of their financial circumstances in determining what is best for the children. Finally, the court has heard the testimony of both parents and finds them to be reasonable, caring parents who, despite their marital difficulties, are quite capable of fashioning a joint custody arrangement that

1

would allow the children to enjoy the best of both countries, especially where, as here, the maternal grandparents remain in the Dominican Republic. If the parties are unable to resolve this matter amicably, the court will have no choice but to make the call under the Hague Convention, a decision that will gravely disappoint one parent whichever way it is resolved.

Having considered respondent's motion and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that respondent's Motion for Provisional Remedy (#13) is **GRANTED**, and the terms of the TRO, as previously modified, are further modified as follows:

(1) the parents shall communicate through counsel in advance to arrange visitation, and reasonable visitation shall be afforded;

(2) the parents shall be able to freely communicate with their children by telephone, Skype, Facetime, or any other electronic means at any reasonable time in light of their respective ages, so long as the conditions specified herein concerning derogation and discussion of this case are followed;

(3) the children shall not, without specific permission from this court, be removed from the Western District of North Carolina at any time by either parent;

(4) the parents shall not discuss the litigation with the children and shall not in any manner speak of each other in the presence of the children in a derogatory manner; and

(5) neither parent shall use the children as a conduit for communications or demands between the parents.

Signed: August 14, 2013

Max O. Cogburn Jr.
United States District Judge